**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7404**

JAMES R. DATOR,

                Petitioner - Appellant,

     v.

WARDEN JOSEPH MCFADDEN, Lieber Corr Inst,

                Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Margaret B. Seymour, Senior District Judge. (1:15-cv-01698-MBS)

Submitted: March 14, 2017              Decided: March 17, 2017

Before NIEMEYER, SHEDD, and WYNN, Circuit Judges.

Remanded by unpublished per curiam opinion.

James R. Dator, Appellant Pro Se. Donald John Zelenka, Senior Assistant Attorney General, James Anthony Mabry, Assistant Attorney General, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James R. Dator seeks to appeal the district court's order accepting the magistrate judge's recommendation and denying relief on his 28 U.S.C. § 2254 (2012) petition. We order a limited remand.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). When an appellant is incarcerated, the notice of appeal is considered filed as of the date it was properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266 (1988).

The district court's order was entered on September 2, 2016, and Dator had until October 3, 2016 to file a timely notice of appeal. His notice of appeal was received by the district court on October 11, 2016, and it bore a date stamp by prison officials as having been received for mailing on October 6, 2016. Although Dator stated that he submitted the notice on October 3, 2016, he did not provide a declaration under penalty of perjury or notarized statement in accordance with Fed. R. App. P. 4(c)(1). It thus appears that the notice of appeal was filed on October 6, 2016, which would make it untimely. However, Dator further stated that he did not receive a copy of the judgment until September 29, 2016, arguably stating a reason for his delay and moving for an extension or reopening of the time to appeal under Fed. R. App. P. 4(a).

2

Accordingly, we remand the case to the district court for the limited purpose of allowing the court to determine whether the notice of appeal was timely filed, whether it should be construed as including a motion for an extension of time to file the notice, and whether an extension or reopening of the appeal period is warranted in this case. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*